UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRICKLAYERS AND ALLIED CRAFTWORKERS LOCAL 5 OF NEW JERSEY PENSION & ANNUITY FUNDS, *ET AL.*<br><br>            Plaintiffs,<br><br>    v.<br><br>JOHN EDDIS CONSTRUCTION, LCC, *ET AL.*<br><br>            Defendants. | Civil No. 12-0044 (NLH/JS)<br><br>**OPINION** |

**APPEARANCES**:
Robert F. O'Brien, Esquire
Kevin D. Jarvis, Esquire
O'Brien, Belland & Bushinksy, LLC
1526 Berlin Road
Cherry Hill, New Jersey 08003
    *Attorneys for Plaintiffs*,

John Eddis Construction, LLC
JPE Construction, Inc.
1139 Glassboro Road
Woodbury Heights, New Jersey 08097
    *Defendants*.

**HILLMAN, District Judge**:

Presently before the Court is the Motion for Default Judgment of Plaintiffs Bricklayers and Allied Craftworkers Local 5 of New Jersey Pension & Annuity Funds ("Bricklayers & Allied Craftworkers Funds") and Richard E. Tolson, their trustee and fiduciary (collectively hereinafter "Plaintiffs"). [Doc. No. 11.] This motion is not opposed by Defendants John Eddis

Construction, LCC and JPE Construction, Inc. ("Defendants").  For the reasons expressed below, the Court will grant Plaintiffs' Motion for Default Judgment as to Defendants.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This cause of action arises out Defendants' alleged failure to remit required payments for the benefit of its employees pursuant to the parties' Collective Bargaining Agreement ("CBA"), Policy for Delinquent Contributions ("Delinquency Collections Policy"), and Restated Agreement and Declaration of Trust ("Trust Agreement").  Plaintiff Bricklayers & Allied Craftworkers Funds are employee benefit plans authorized to sue in their own name under Section 502(d)(1) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(d)(1).  (Am. Compl. ¶¶ 3,4.)  Plaintiff Richard E. Tolson is the trustee and fiduciary of the Funds within the meaning of 29 U.S.C. § 1002(21)(A).  (Id. ¶ 5.)  Defendants John Eddis Construction, LLC ("John Eddis Construction") and JPE Construction, Inc. ("JPE Construction") are construction businesses operating in Woodbury Heights, New Jersey.  (Id. ¶¶ 8-10.)

Defendants previously entered into a CBA with Bricklayers & Allied Craftworkers's Union, according to which they were required to make contributions to the Bricklayers & Allied Craftworkers Funds on behalf of company employees.  (Id. ¶¶ 12, 13.)  In conjunction with the CBA, the parties likewise entered

into the aforementioned Trust Agreement and Delinquency Collections Policy.  (Id. ¶¶ 13, 14.)  Plaintiffs presently contend that Defendants have failed to remit certain required contributions to the Bricklayers & Allied Craftworkers Funds for the period spanning from May 9, 2011 through May 20, 2011.  (Id. ¶ 15.)  As such, Plaintiffs, on behalf of their trustees, committee members, participants and beneficiaries, seek repayment, plus interest and damages, in accordance with the Delinquency Collections Policy under the Trust Agreement.

On January 4, 2012, Plaintiffs filed a complaint against Defendant John Eddis Construction.  [Doc. No. 1.]  Service of the summons and complaint was made on Defendant on January 6, 2012 by personally serving Jamie Eddis, an authorized agent of the company. [Doc. Nos. 2 & 3.]  Subsequently, on June 11, 2012, Plaintiffs filed an amended complaint wherein they named JPE Construction as an additional Defendant. [Doc. No. 6.]  Service of the summons and complaint was made on both Defendants on June 15, 2012, by once again personally serving Jamie Eddis at the Defendants' place of business in Woodbury, New Jersey.  [Doc. Nos. 8 & 9.]

To date, however, Defendants have not entered an appearance or filed a responsive pleading in this case.  Following the expiration of time to respond, Plaintiffs filed a Request for Default for failure to plead or otherwise defend on July 19,

2012, which the Clerk of Court entered on July 20, 2012. [Doc. No. 10]. Plaintiffs then filed the instant Motion for Default Judgment on August 3, 2012. [Doc. No. 11.] Defendants have not responded in opposition to this Motion. Accordingly, it is now ripe for judicial review.

## II. JURISDICTION

The Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.[1] Specifically, this matter was brought under Section 502 and 515 of ERISA, 29 U.S.C. § 1132 and § 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 1132.

## III. STANDARD OF REVIEW

Default judgment is governed by Federal Rule of Civil Procedure 55, which states, in relevant part, as follows:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a). After an entry of default is entered pursuant to Rule 55(a), the plaintiff may seek the Court's entry

---

[1] Section 1331 provides that:

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

28 U.S.C. § 1331.

of default judgment under either Rule 55(b)(1) or Rule 55(b)(2).[2] Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 521 (3d Cir. 2006) (citing 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2682, at 13 (3d ed. 1998)). After a default judgment is entered, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."

---

[2] Subsection (b) of Civil Rule 55 states as follows:

Entering a Default Judgment.
(1) If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
(2) In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
    (A) conduct an accounting;
    (B) determine the amount of damages;
    (C) establish the truth of any allegation by evidence; or
    (D) investigate any other matter.

Fed. R. Civ. P. 55(b).

Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (citing 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure, § 2688 at 444 (2d ed. 1983)).

Before imposing the sanction of default, district courts must consider the following three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987) ("[W]e have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such judgment")). "In weighing these factors, district courts must remain mindful that, like dismissal with prejudice, default is a sanction of last resort." Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 867-68 (3d Cir. 1984) ("We reiterate what we have said on numerous occasions: that dismissals with prejudice or defaults are drastic sanctions."). As a result, district courts "must resolve all doubt in favor of proceeding on the merits." Zawadski de Bueno v. Bueno Castro, 822 F.2d 416, 420 (3d Cir. 1987).

**IV. DISCUSSION**

Since Defendants have not filed an answer or otherwise

6

responded to Plaintiffs' complaint or amended complaint, they are "deemed to have admitted all the allegations" therein. Lansford-Coaldale Joint Water Auth. v. Tonolli Corp., 4 F.3d 1209, 1226 (3d Cir. 1993). Accepting Plaintiffs' allegations as true, Defendants failed to remit contributions to the Bricklayers & Allied Craftworkers Funds for the period between May 9, 2011 and May 20, 2011. (Pls.' Aff. in Supp. of Mot. for Default J. ¶ 7.) Plaintiffs calculate the amount due for the nonpayment of funds to be $4,908.89, which includes $429.91 for interest on delinquent contributions and $746.50 for liquidated damages. (Id.) Plaintiffs also request attorneys' fees and costs in the amount of $1,268.95.[3] (Id. at ¶ 11.) Accordingly, Plaintiffs request a total judgment in the amount of $6,177.84. (Id.)

As indicated above, the Court must weigh the following three factors prior to entering default judgment in Plaintiffs' favor: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." Doug Brady, 250 F.R.D. at 177 (internal citation omitted); see also Gowan v. Continental Airlines, Inc., No.Civ.A.10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012). As to the first factor,

---

[3] Notably, the Delinquency Collections Policy provides that Plaintiffs are entitled to attorneys' fees in the event of delinquent payments. (See Pls.' Aff. in Supp. of Mot. for Default J., Ex. B, at 3.)

7

the Court must consider any meritorious defenses available to the Defendants prior to entering default. Absent Defendants' responsive pleadings, however, the Court is unable to readily ascertain any meritorious defenses that would be available to Defendants at this time. Indeed, all the Court has before it are Plaintiff's allegations (which must be accepted as true), and the relevant language of the CBA, Trust Agreement, and Delinquency Collections Policy. (Pls.' Aff. in Supp. of Mot. for Default J., Ex. A, B.) There is nothing in these documents to suggest that Plaintiffs would not prevail if the instant action were to proceed.[4] Thus, the first factor is satisfied under the instant circumstances. See Gowan, 2012 WL 2838924 at *2 ("Absent Defendants' responsive pleadings, meritorious defenses such as consent, fabrication, immunity, entrapment, alibi, coercion, duress or the statute of limitations do not appear to be available to Defendant.").

The second factor requires the Court to consider the prejudice — if any — that would be suffered by the party seeking default if judgment is not entered in its favor at this time.

---

[4] Specifically, the Trust Agreement requires that fringe benefits contributions be made for eligible participants on a timely basis. (Pls.' Aff. in Supp. of Mot. for Default J. Ex. A, at 24.) In addition, the Delinquency Collections Policy sets forth the specific rules and fees related to fringe benefit contributions, and the penalties and interest that apply in the event of delinquency. (Pls.' Aff. in Supp. of Mot. for Default J. Ex. B, at 2.)

8

Based on the record before it, it is evident to the Court that Plaintiff's employee beneficiaries would suffer prejudice since they have no other means by which to obtain the allegedly withheld payments.  Defendants entered into and agreed to abide by the terms of the CBA, Trust Agreement, and Delinquency Collections Policy.  One of these terms required Defendants to make certain contributions to the Plaintiff Funds for the benefit of employees.  These contributions were due in May of 2011.  Now, twenty-two months later, Plaintiffs' employee beneficiaries still have not obtained the contributions due to them.  Plaintiffs have legitimately attempted to acquire these funds by filing suit against Defendants.  Despite accepting service, Defendants have not answered or otherwise responded to Plaintiffs' complaint or amended complaint.  Therefore, the Court finds that, absent a default judgement, Plaintiffs will continue to be unable to obtain the relief they seek from Defendants.  Accordingly, the second factor weighs heavily in favor of entry of default judgment.  See Asendia USA, Inc. v. AdvancePost, Inc., No.Civ.A.12-2169, 2013 WL 877132, at *2 (M.D. Pa. Mar. 8, 2013) (stating that there is a risk of prejudice to the plaintiff if default were denied because as defendant owed it thousands of dollars).

Finally, under the third factor, the Court must consider any degree of culpability on the part of the Defendants.  The record

9

clearly indicates that Defendants were twice properly served and had notice that suit had been filed against them.  Defendants filed no answer or other responsive pleading, and have made no attempts to receive extensions of time to respond to either of Plaintiffs' complaints.  Now, almost two years after Plaintiffs initiated suit, Defendants still have not taken any action to respond or otherwise defend.  The Court can find no excuse or reason for Defendants' default other than their own conduct.  Thus, the third factor likewise weighs in favor of entry of default.

The allegations in Plaintiffs' pleadings, taken as true, are sufficient to show that they are entitled to the relief requested.  Plaintiffs have supported the requested amount of damages, including the amount of attorneys' fees, with exhibits and affidavits.  Accordingly, having considered all the relevant factors, the Court concludes that the instant circumstances warrant default judgment to be entered against Defendants.

**V.   CONCLUSION**

For the reasons set forth above, Plaintiffs' Motion for Default Judgement will be granted.  An appropriate Order follows.

*/s/Noel L. Hillman*
_____
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

Dated: 03/26/2013